without costs. Motion for leave to appeal to the Court of Appeals denied. [See *ante*, p. 931.] All concur.

INTER-COUNTY FARMERS CO-OPERATIVE ASSN., INC., Appellant, v. DORA LEKOWITZ et al., Respondents.— Appeal by plaintiff from two judgments of the Supreme Court, entered in the Sullivan County clerk's office upon a decision of the court dismissing the complaint, with costs to each defendant respectively. The complaint sought judgment directing the defendants to remove certain buildings and fences which encroached on plaintiff's lands and to restrain their continued maintenance and further trespasses. The action was tried by the court and the parties as one in equity. A jury was empanelled and two questions submitted to it. Its verdict was considered as advisory only and the court made its own findings and decision upon which judgments were entered in favor of defendants. The issues involved the title to lands situated in the village of Woodridge, Sullivan County. Plaintiff relied principally upon the testimony of two surveyors, by each of whom it was proved that a portion of defendants' chicken house and certain fences encroached upon plaintiff's lands. The surveys were based upon monuments such as a stone wall, the base of another stone wall and a right of way fence along the lands of the New York, Ontario & Western Railroad. The defendants relied upon adverse possession and a claimed lack of certainty in the surveys. The surveys are entitled to great weight. It was undisputed that some of the fences erected by defendants stood on the plaintiff's land and were considerable distances from the correct boundary lines. The chicken house, which extended over the line, had not existed for the statutory period of fifteen years. The evidence of defendants as to cultivation was indefinite and uncertain. It was undisputed that some of the fences had been erected by the defendants and extended onto plaintiff's land even after this action was started. The great weight of credible evidence sustains the contentions of plaintiff. Judgments reversed on the law and facts, with costs, and judgment granted in favor of plaintiff against both defendants, with one bill of costs. The court makes findings of fact 4, 5, 6, 7, 9, 10 and 11, and approves the conclusions of law A, B and C, contained in plaintiff's proposed findings of fact and conclusions of law. The court reverses the findings of fact contained in the decision dated January 7, 1943, and rejects the verdict and answers of the jury to the questions submitted. All concur.

In the Matter of AMALGAMATED MUTUAL AUTOMOBILE CASUALTY COMPANY, Appellant, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Appeal from order of the Special Term (Russell, J.,) entered in the County of Albany, August 27, 1943, which dismissed, on the law, the petition of the above petitioner in proceedings instituted by it under article 78 of the Civil Practice Act to review and cancel certain assessments made by respondent in determination of petitioner's prorata share for which it was liable to reimburse the State for its expenses in administering, for the fiscal year 1941–1942, article 6-A of the Vehicle and Traffic Law — the New York Motor Vehicle Safety-Responsibility Act. (L. 1941, ch. 872, as amd.) Order affirmed on the authority of *Matter of Manhattan Mut. Auto. Cas. Co.* v. *Fletcher* (*ante*, p. 676, decided herewith), with twenty-five dollars costs and disbursements to the respondent. All concur. [See 268 App. Div. 835.]

In the Matter of EMPIRE MUTUAL CASUALTY COMPANY, Appellant, against CLIFFORD J. FLETCHER, as Commissioner of Motor Vehicles of the State of New York, Respondent.— Appeal from order of the Special Term (Russell, J.)

entered in the County of Albany, August 27, 1943, which dismissed, on the law, the petition of the above petitioner in proceedings instituted by it under article 78 of the Civil Practice Act to review and cancel certain assessments made by respondent in determination of petitioner's prorata share for which it was liable to reimburse the State for its expenses in administering, for the fiscal year 1941-1942, article 6-A of the Vehicle and Traffic Law — the New York Motor Vehicle Safety-Responsibility Act. (L. 1941, ch. 872, as amd.) Order affirmed, on the authority of *Matter of Manhattan Mut. Auto. Cas. Co.* v. *Fletcher* (*ante*, p. 676, decided herewith), with twenty-five dollars costs and disbursements to the respondent. All concur. [See 268 App. Div. 835.]

In the Matter of GENERAL TRANSPORTATION CASUALTY AND SURETY COMPANY, Appellant, against COMMISSIONER OF MOTOR VEHICLES OF THE STATE OF NEW YORK, Respondent.— Appeal from order of the Special Term (Russell, J.) entered in the County of Albany, August 27, 1943, which dismissed, on the law, the petition of the above petitioner in proceedings instituted by it under article 78 of the Civil Practice Act, to review and cancel certain assessments made by respondent in determination of petitioner's prorata share for which it was liable to reimburse the State for its expenses in administering, for the fiscal years 1941-1942, article 6-A of the Vehicle and Traffic Law — the New York Motor Vehicle Safety-Responsibility Act. (L. 1941, ch. 872, as amd.) Order affirmed, on the authority of *Matter of Manhattan Mut. Auto. Cas. Co.* v. *Fletcher* (*ante,* p. 676, decided herewith), with twenty-five dollars costs and disbursements to the respondent. All concur. [See 268 App. Div. 835.]

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WALTER J. MARKS, Appellant, against JOSEPH H. BROPHY, as Warden of Auburn Prison, Respondent.— Motion for reargument denied, without costs. [See *ante*, p. 933.] All concur.

PHOEBE A. D. McMANUS, Individually and as Executrix of MARTHA J. ROBERTSON, Deceased, Appellant, v. GEORGETTE M. LIVERMORE, Respondent.— Appeal from a judgment of the Supreme Court entered in the Tompkins County clerk's office, after a trial by the court, on the 26th day of June, 1943, dismissing the complaint, with costs. The action is to recover a gift of 225 shares of Humble Oil Company stock, made by the decedent, Martha J. Robertson, to the defendant. The defendant had lived with the decedent for a number of years before her marriage. As early as 1930 decedent indicated an intention to give the stock to defendant and actually indorsed for transfer stock certificates for 75 shares and gave them to defendant. Defendant never had the 75 shares transferred on the books and had permitted decedent to continue to receive the dividends. Sometime later a stock dividend was declared by which the stockholders obtained three shares for one. When this stock dividend was declared, at decedent's request defendant returned the certificates to her for surrender to the corporation in exchange for certificates for 225 shares. Decedent then gave the new certificates back to defendant, indorsed for transfer. In 1939, when decedent was upwards of ninety years of age, she affirmed this gift by an instrument in writing, executed in the presence of her physician who testified that she was then rational, able to transact business and to understand the value of the gift. The gift was reaffirmed by another instrument in writing several months later, shortly before decedent's death. The great weight of the testimony sustains the finding of the trial court which upheld the gift. Judgment affirmed, with costs. All concur.

EMMA L. VUNCK et al., Appellants, v. STATE OF NEW YORK, Respondent. (Claims Nos. 25408, 25409.)— Motion for reargument denied. Motion for